IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYRONE NOLING ) | CASE NO.  5:04CV1232 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| MARGARET BRADSHAW, WARDEN, ) | MEMORANDUM OF OPINION |
| ) |  AND ORDER |
| Respondent. ) | |

This matter is before the Court upon Petitioner Tyrone Noling's ("Noling") Motion for Evidentiary Hearing. (ECF 52). Noling requests that this Court grant an evidentiary hearing pertaining to the first, fifth and seventh claims for relief raised in the Petition. In addition to Noling's brief in support of his Motion, the Court has considered Respondent Margaret Bradshaw's ("Respondent") Opposition to Petitioner Noling's Motion for Evidentiary Hearing (ECF 54) and Noling's Response to Respondent's Opposition.  (ECF 57).  For the following reasons, Noling's Motion for Evidentiary Hearing is denied.

Evidentiary hearings on federal habeas cases are governed by 28 U.S.C. § 2254(e)(2).

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

> (A) the claim relies on--
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  A failure to develop the factual basis exists when there is a lack of diligence, or some greater fault, attributable to the defendant or defendant's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  "Diligence" for purposes of the opening clause of § 2254(e)(2) requires that the defendant make a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Id.* 529 U. S. at 435, 437; *Bowling v. Parker,* 344 F.3d 487, 511 (6th Cir. 2003), *cert denied*, 543 U.S. 842 (2004).

Noling seeks an evidentiary hearing as to his first (actual innocense), fifth (prosecutor misconduct) and seventh (ineffective assistance of counsel on appeal) claims for relief.  He obtained an evidentiary hearing in state post-conviction review on his first and fifth claims. Noling asserts that the trial court so limited the proceedings that he was not able to fully develop his claims.  The trial court allegedly precluded Noling from presenting numerous witnesses' testimony and from subpoenaing numerous documents which would have assisted him in fully developing and presenting his claims. Even if Noling has been diligent in developing a factual record, a court can still deny an evidentiary hearing unless the petitioner alleges sufficient grounds for release, relevant facts are in dispute and the state courts did not hold a full and fair evidentiary hearing. *Bowling*, 344 F.3d at 512.  Bald assertions and conclusory allegations are insufficient to warrant an evidentiary hearing. *Id.*

## I. Actual Innocence

In order for a claim of actual innocence based on newly discovered evidence to be a sufficient ground for federal habeas relief, there must be an independent constitutional violation occurring in the underlying state criminal proceeding.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing. Of course, such evidence must relate to the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."  *Id.* (quoting *Townsend v. Sain,* 372 U.S. 293, 317 (1963)).  The court is not concerned with the petitioner's innocense or guilt, but solely the question whether his constitutional rights have been preserved. *Id.*  Federal courts may not relitigate state trials. *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

Noling's  first ground for relief is based on his claimed innocence rather than a constitutional question. He has not pointed to any facts that challenge the constitutionality of his conviction and sentence. A claim of actual innocence must be based on reliable evidence not presented at trial. *Calderon v. Thompson*, 523 U.S. 538 (1998). Affidavits of three accomplices recanting their prior statements and testimony at trial have been submitted. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995).  According to the Respondent, one of the accomplices recanted his prior statements on the witness stand.  Since the jury heard at least one recantation and also Noling's counsel's cross-examination of another accomplice that suggested he had a strong motive to fabricate testimony, it is not likely that a reasonable juror would not have convicted him.  Further, the court of appeals

stated, "As for the affidavits from appellant's accomplices, the trial court concluded that they should be viewed with the 'utmost suspicion.'" *State v. Noling*, 2003 WL 22171433 * 4 (Ohio App. 11th Dist. Sep. 19, 2003).

## II. Prosecutor Misconduct

Noling requests an evidentiary hearing as to a portion of his fifth claim for relief alleging that the prosecutor conspired with an investigator to present false testimony, including lying, threats, coercion, badgering, deception, brainwashing, prompting, indoctrination, suggestion, coaching, and retribution, all to fabricate a case for guilt against Tyrone Noling.

Prosecutorial misconduct must be so egregious as to deny petitioner a fundamentally fair trial before habeas corpus relief becomes available. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Hamblin v. Mitchell*, 354 F.3d 482, 494 (6th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004). In this regard, "the touchstone of due process analysis, is the fairness of the trial, not the culpability of the prosecutor." *Serra v. Mich. Dept. of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993). (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)); *accord Smith v. Mitchell*, 348 F.3d 177, 210 (6th Cir. 2003), *cert. denied*, 543 U.S. 1016 (2004). The Sixth Circuit takes into account "the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused." *Hamblin,* 354 F.3d at 494-95 (quoting *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)); See *Frazier v. Huffman*, 343 F.3d 780, 791 (6th Cir. 2003), *cert. denied*, 541 U.S. 1095 (2004); *Hutchison v. Bell*, 303 F.3d 720, 750 (6th Cir. 2002), *cert. denied*, 539 U.S. 944 (2003); *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000). In habeas corpus cases, the inquiry is

directed to deciding whether the state court's determination of the issue was an unreasonable application of clearly established federal law. *Frazier,* 343 F.3d at 793. The giving of cautionary instructions also factors into the determination of whether fundamental fairness was denied. *Serra*, 4 F.3d at 1356.

Noling's request pertains to the testimony of the three accomplices and two fathers of the accomplices claiming their testimony was false. In addition to the testimony of the accomplices, Noling admitted to fellow inmates Garner and Gantz that he shot the Hartigs and admitted to inmate Travise that he had robbed the Hartigs. Noling additionally admitted to police that he knew about the crime, although he tried to blame St. Clair. Finally, other evidence established that Noling had devised the plan to rob elderly individuals in their homes and that he had robbed two other couples within a day of shooting the Hartigs. *State v. Noling*, 98 Ohio St.3d 44, 54 (2002). The Ohio Supreme Court considered Noling's arguments challenging the evidence. "Noling points to alleged credibility issues concerning Garner, Gantz, Wolcott, and Dalesandro, the lack of forensic evidence, the fact that the police never recovered the murder weapon, and St. Clair's avowal of innocence." *Id.* Again, federal courts may not relitigate state trials. *Barefoot v. Estelle*, 463 U.S. at 887. The Court concludes that an evidentiary hearing is not necessary for a fair adjudication of this claim.

### III. Ineffective Assistance of Appellate Counsel

Noling's claim of ineffective assistance of counsel pertains to evidentiary issues, jury instructions and prosecutor misconduct. Numerous issues of ineffective assistance of counsel were raised before the Ohio Supreme Court and court of appeals. Appellate counsel have no constitutional duty to raise every nonfrivolous issue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

"Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Separating weaker issues on appeal is actually "the hallmark of effective appellate advocacy." *Id*. (quoting *Smith v. Murray*, 477 U.S. 527,  536 (1986)).  See *Winfield v. Lafler*, 2005 WL 2127420 * 11 (E.D. Mich. Aug. 31, 2005).

The underlying issues have been presented to the Court. Even if they are procedurally defaulted, this Court's policy is to review all claims on their merits.  An evidentiary hearing is not required for this purpose. Counsel has the authority to determine which issues are to be pursued.

Accordingly, Noling's Motion for Evidentiary Hearing is denied. (ECF 52).

IT IS SO ORDERED**.**

Date: March 6, 2006				s/ Donald C. Nugent
						JUDGE DONALD C. NUGENT
						UNITED STATES DISTRICT JUDGE